IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| VIVINT, INC., a Utah corporation,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br>JOSHUA ENGLAND, an individual,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIFTH CAUSE OF ACTION<br><br><br><br><br>Case No. 2:12-CV-979 TS |

This matter is before the Court on Defendant's Motion to Dismiss Fifth Cause of Action. Plaintiff has failed to respond to Defendant's Motion.  For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

The following facts are taken from Plaintiff's Complaint and are accepted as true. Plaintiff is in the business of providing home automation products and services to residential customers throughout the United States and Canada.  In 2009, Defendant entered into an agreement with Plaintiff to sell products and services for Plaintiff.  In 2011, Defendant entered into another agreement with ARM Security, Inc., a wholly owned subsidiary of Plaintiff.

Plaintiff alleges that, in breach of the agreements, Defendant worked for a competing company.  Plaintiff alleges that between 2011 and 2012, Defendant solicited at least twelve of Plaintiff's customers and made misrepresentations to these customers for the purpose of inducing them to terminate their contracts with Plaintiff and enter into agreements with a competing company.

Plaintiff brings claims for breach of contract, breach of the implied covenant of good faith and fair dealing, intentional interference with economic relations, intentional interference with contractual relations, deceptive practices/false advertising, unfair competition under the Lanham Act, trade slander/defamation, and injunctive relief.  Defendant seeks dismissal of Plaintiff's Fifth Cause of Action, which alleges a violation of the Utah Consumer Sales Practices Act.

## II.  MOTION TO DISMISS STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[1]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[2] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[3]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it

---

[1] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[4]  "The court's function on

a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial,

but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for

which relief may be granted."[5]  As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to
> dismiss.  Determining whether a complaint states a plausible claim for relief will
> . . . be a context-specific task that requires the reviewing court to draw on its
> judicial experience and common sense.  But where the well-pleaded facts do not
> permit the court to infer more than the mere possibility of misconduct, the
> complaint has alleged—but it has not show[n]—that the pleader is entitled to
> relief.[6]

### III.  DISCUSSION

The Utah Consumer Sales Practices Act prohibits "deceptive act[s] or practice[s] by a

supplier in connection with a consumer transaction."[7]  The Act provides that a consumer may

bring an action to: "(a) obtain a declaratory judgment that an act or practice violates this chapter;

and (b) enjoin, in accordance with the principles of equity, a supplier who has violated, is

violating, or is likely to violate this chapter."[8]  A consumer transaction is defined as:

> a sale, lease, assignment, award by chance, or other written or oral transfer or
> disposition of goods, services, or other property, both tangible and intangible
> (except securities and insurance) to, or apparently to, a person for:

---

[4] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6] *Iqbal*, 556 U.S. at 679 (alteration in original) (internal quotation marks and citations omitted).

[7] Utah Code Ann. § 13-11-4(1).

[8] *Id.* § 13-11-19(1).

(i) primarily personal, family, or household purposes; or
(ii) purposes that relate to a business opportunity that requires:
(A) expenditure of money or property by the person described in Subsection
(2)(a); and
(B) the person described in Subsection (2)(a) to perform personal services on a
continuing basis and in which the person described in Subsection (2)(a) has not
been previously engaged.[9]

A consumer transaction includes:

(i) any of the following with respect to a transfer or disposition described in
Subsection (2)(a):
(A) an offer;
(B) a solicitation;
(C) an agreement; or
(D) performance of an agreement; or
(ii) a charitable solicitation.[10]

In this case, there are no allegations that Defendant engaged in a consumer transaction

with Plaintiff.  Rather, the relationship between the parties was purely contractual.  To be sure,

alarm sales would constitute consumer transactions.  But, to the extent that any deceptive

practice occurred during such sales, the remedy under the Consumer Sales Practices Act belongs

to the consumer, not Plaintiff, an alleged competitor.  As Plaintiff has not alleged a plausible

claim under the Utah Consumer Sales Practices Act, this claim must be dismissed.

IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss Fifth Cause of Action (Docket No. 6) is

GRANTED.

---

[9] *Id*. § 13-11-3(2)(a).

[10] *Id*. § 13-11-3(2)(b).

DATED   May 1, 2013.

BY THE COURT:

TED STEWART
United States District Judge